A. FISHMAN HAT COMPANY, INCORPORATED, PROSECUTOR, v. JACOB ROSEN ET AL., RESPONDENTS.

Submitted May 10, 1928—Decided June 22, 1928.

Before Justices MINTURN, BLACK and CAMPBELL.

For the prosecutor, *Emil Neblo.*

For the respondents, *Kraemer, Siegler & Siegler.*

PER CURIAM.

Jacob Rosen filed a petition with the New Jersey department of labor, workmen's compensation bureau, for compensation for disability resulting from mercury poison contracted during his employment with the prosecutor. After answer filed and hearing the compensation bureau made an order awarding compensation. Upon appeal to the Essex Common Pleas Court that tribunal affirmed such order, and this writ brings up for review such order and proceedings.

The first reason for reversal is that the supplement to the original Compensation act of 1911, chapter 95 (*Pamph. L.* 1924, *ch.* 124) is unconstitutional, because the original act applies to accidents only, and the supplement of 1924 applies to occupational diseases without change or amendment of the title of the act.

We find this to be without legal substance or merit.

The original act, by its title, related to "injuries" not "accidents." Injuries, we think, is sufficiently broad to cover disability from accident as well as occupational disease. The cases cited by prosecutor are not applicable because either their title or context limit the recovery to injury through accident.

The second reason is that the act of 1924, *supra,* is unconstitutional because it attempts to amend the original act of 1911, *supra,* without reciting in full the sections attempted to be amended.

But this is not so. The act of 1924 is not an amendment of any part of the original act, but by its title and context is, in fact, a supplement thereto, adding a right of recovery for occupational diseases.

The third reason is that, assuming that the act of 1924 is an independent piece of legislation, then the compensation bureau was without jurisdiction because such act makes no provision therefor.

Such assumption, however, is without any legal foundation, because as we have before found the act of 1924 is not a separate and independent act, but a supplement to the original act of 1911.

The fourth reason is that the petition charges an "accident" and the allowance was for an occupational disease.

The answer is that these proceedings are informal, and such misstatement is cured by the answer filed by the prosecutor and by the fact that the cause was heard by the deputy commissioner and by the Common Pleas Court upon the theory of disability caused by occupational disease.

The fifth reason is that there was no evidence upon which to base a finding that the disease grew out of and arose in the course of employment.

We find, however, that there was such evidence. The prosecutor argues that it did not use lead or mercury in its factory, but there was proof that a large percentage of the stock from which it manufactured hats required the use of mercury or quicksilver in their production and preparation.

The sixth reason is that the finding and judgment are not sufficiently specific.

We find no legal or factual merit therein. The final reason is that there was a failure of notice to the prosecutor as employer.

The proofs show that there was notice from the examining physician which, in our judgment, was sufficient to satisfy the requirements of the statute.

The proceedings and judgments under review are affirmed and the writ of *certiorari* dismissed, with costs.