FRED FARRELL, PETITIONER-DEFENDANT, v. FERRY HAT COMPANY, RESPONDENT-PROSECUTOR.

Submitted October 16, 1931—Decided March 2, 1932.

Before Justices TRENCHARD, DALY and DONGES.

For the prosecutor, *Joseph C. Paul.*

For the defendant, *Elias G. Willman.*

PER CURIAM.

This writ brings up for review a judgment of the Essex County Court of Common Pleas affirming an award of the workmen's compensation bureau awarding compensation to the defendant, Fred Farrell, for disability arising out of an occupational disease called mercury poisoning and also known as "hatters' shakes." The defendant worked for prosecutor for over twenty-three years and during the latter part of that period became affected with a shaking and nervousness which was proved to be caused by mercury poisoning contracted from the handling of materials used in the manufacture of hats in the plant of prosecutor.

1. Prosecutor contends that the notice required by the statute was never given to it. It is admitted that formal

notice was never served. The statute also provides that compensation may be awarded where the employer has actual knowledge of the contraction of the disease during the period of employment. The defendant claims he has satisfied this provision of the statute. The foreman of the prosecutor testified that he observed the defendant suffering from spells of shaking while at work and that these spells became worse as time went on. He was not permitted to testify as to his knowledge of the cause of these shakes, but there was testimony from the attorney of prosecutor that the foreman had told him that he knew defendant had the shakes and believed that that disease was caused by mercury poisoning. Knowledge of the foreman would, of course, be knowledge of the employer. We think this evidence was sufficient to satisfy the terms of the statute and that the judgment of the court below should not be disturbed on this ground. *Allen* v. *City of Millville,* 87 *N. J. L.* 356; *affirmed,* 88 *Id.* 693.

2. It is urged that it was error to permit the attorney to testify that the foreman said he knew the shakes were caused by mercury poisoning. The ground of this argument is that it was hearsay and quoted the conclusion of a person who was not an expert. This testimony was given as being in the nature of an admission and, therefore, these objections are not valid.

3 and 4. Prosecutor contends that it was error to permit two physicians to testify that "hatters' shakes" is another name for mercury poisoning. We think there was no error in this ruling.

5. It is argued that the defendant failed to sustain the burden of proving the elements required by the statute. We conclude that there was evidence to support the finding of the bureau and the Court of Common Pleas. Two independent tribunals having agreed on the facts, this court will not reverse unless there is no evidence reasonably to support such finding.

The judgment under review will be affirmed, with costs.