CAROLINE BOBOWINIK, RESPONDENT, v. ERIE RAILROAD COMPANY, PROSECUTOR.

Submitted January 19, 1937—Decided April 27, 1937.

Before Justices PARKER, LLOYD and DONGES.

For the prosecutor, *Collins & Corbin.*

For the respondent, *Meehan Brothers* (*I. Charles Lifland,* of counsel).

LLOYD, J.   A workmen's compensation case; dismissal of the petition by the bureau, and reversal in the Pleas, with an award to the widow.   Three questions are presented in the case:   (1) Whether any accident happened to the deceased; (2) whether notice as required by the statute was given or actual knowledge in the employer existed;   (3) whether the death of the employe was due to accident or disease.

We deem it necessary to consider only the second point—as to notice or knowledge.   The proofs were meagre to establish that any accident had occurred to the employe.   The companion with whom he was working knew of no injury and the employe complained of none to his employer or to his fellow workmen.   In this situation there was nothing in the occurrence itself to indicate to the employer the existence of an injury.

The Compensation act (*Cum. Supp. Comp. Stat., p.* 3879) provides that "unless the employer shall have actual knowledge of the occurrence of the injury, or unless the employe or someone on his behalf, or some of the dependents, or someone on their behalf, shall give notice thereof to the employer within fourteen days of the occurrence of the injury, then no compensation shall be due until such notice is given or knowledge obtained * * * unless knowledge be obtained or notice given within ninety days after the occurrence of the injury, no compensation shall be allowed."

The statute then prescribes the form of notice and directs that the notice referred to "may be served personally upon the employer or upon any agent of the employer upon whom a summons may be served in a civil action * * * and shall be substantially in the following form." It further provides that no variation of this form shall be material if the notice is sufficient to advise the employer that a certain employe, by name, received an injury in the course of his employment on or about a specified time at or near a certain place.

There is no claim in the present case that the employer had knowledge of any injury received by the employe and for which injury and subsequent death the present claim is made by his widow. Nor is it contended that any written notice was served either in the manner prescribed or in any other way. The most that appears is that the wife went to the Penhorn shop of the company and told someone seated at a desk that she was the wife of John Bobowinik and that she wanted a doctor. Certainly this was far from being sufficient to constitute notice either written or oral that the husband of the claimant had received an injury arising out of and in the course of his employment. It was not a statement respecting any injury nor was it communicated to anyone representing the company within the contemplation of the statute. In the opinion in the case of *Hercules Powder Co.* v. *Nieratko,* as filed in the Supreme Court, 113 *N. J. L.* 195, 197, the question of the character of the notice required by the act was discussed, and it was there stated that the provision requiring

notice was directory only and need not be in writing. On review in the Court of Errors and Appeals that court refused to sanction this view and in the opinion commented that "it may well be that such notice was intended by the legislature to be in writing. While it is true that section 236-16 required only that notice shall be given by some of the parties in interest, section 236-17 would seem to indicate its character. This section not only prescribes the manner of its service, but prescribes its form. The obvious purpose of the notification is that the employer may in the absence of knowledge receive written notice that a claim is presented for an injury received by an employe in the course of employment while engaged in his work in a place and at a time designated in the notice. * * * It [the notice] would seem to be a condition precedent to the enforcement of any claim."

*Ibid.*, 114 *N. J. L.* 254, 255. As presented and discussed in that court the question was academic, the case being decided on another ground, and it is not necessary here to decide whether in the absence of knowledge in the employer, written notice is required. It may well be that if the employer, within the time required by the statute, acquires information, whether that information be through notice, written verbally, or knowledge otherwise ascertained, of the injury, such knowledge meets all the requirements of the act. In the present case, however, we find no evidence of any notice whatever bringing to the attention of the employer the fact of injury, if such there was, to the employe.

The judgment is reversed.