GENERAL CABLE CORPORATION, PROSECUTOR, v. PETER LEVINS, RESPONDENT.

Submitted January 17, 1939—Decided April 20, 1939.

Before Justices TRENCHARD, PARKER and PERSKIE.

For the prosecutor, *John C. Stockel* (*J. Emil Walscheid*, of counsel).

For the respondent, *John E. Toolan* and *James P. Haney*.

The opinion of the court was delivered by

PERSKIE, J.  The question we are required to decide, in this workmen's compensation case, is whether prosecutor—the employer—had notice of the injury sustained by the respondent—the employe.

Respondent was employed as a packer and shipping clerk in prosecutor's plant in Perth Amboy, New Jersey. While at work (carting spools) on July 29th, 1935 (the original petition states the date to be August 22d, 1935, but on application was amended) he struck his head "on a beam." After he struck his head "across [his] temple," "everything got black." When his sight returned, he finished the particular work on hand. He continued to feel as though there was "something in his left eye;" he wiped it "a few times;" he went to the first aid room where prosecutor provided a physician, and "told him about it." The doctor examined respondent and removed "a foreign body from his left eye" and then told him to go home. Respondent employed the ordinary household remedy; he washed his eyes with a boric acid solution. This treatment effected no improvement; but respondent continued to work. While so working he was asked by prosecutor's physician, on two occasions, "how he was" and each time the reply was "about the same." But prosecutor's physician did nothing further about it.

Later, on September 11th, 1935, after the treatment employed, as indicated, failed to help, respondent consulted an eye specialist who advised an operation. Finally, between March 28th, 1936, and October 10th, 1936, respondent submitted to three operations, but none effected a substantial cure.

The deputy commissioner in the Workmen's Compensation Bureau found that respondent had suffered an accident arising out of and in the course of his employment; that prosecutor received notice or had knowledge of the injury as provided in *R. S.* 34:15-17; that respondent was industrially blind (as a result of retinal detachment in both eyes) and thus entitled to permanent and total disability payments.

Prosecutor appealed to the Middlesex County Court of Common Pleas where the judgment of the bureau was affirmed. The cause is now before us upon a return of a writ of *certiorari* to review the determination by the Pleas.

As already indicated, prosecutor now argues that it had no actual knowledge of the occurrence of the injury pursuant to statute. *R. S.* 34:15-17 provides:

"Notification of Employer. Unless the employer shall have actual knowledge of the occurrence of the injury, or unless employe, on his behalf, or some of the dependents, or some one on their behalf, shall give notice to the employer within fourteen days of the occurrence of the injury, then no compensation shall be due until such notice is given or knowledge obtained * * * unless knowledge be obtained or notice given within ninety days after the occurrence of the injury, no compensation shall be allowed."

*R. S.* 34:15-18 provides the form of notice, directs the manner of service; it further provides that "no variation from this [prescribed] form shall be material if the notice is sufficient to advise the employer that a certain employe, by name, received an injury in the course of his employment on or about a specified time, at or near a certain place. Notice served at the office of, or on the person who was the employe's immediate superior shall be a compliance with this article."

Respondent concedes that the statutory notice was not given. His claim is that prosecutor did in fact have notice through its own plant physician, and, that such knowledge meets all the requirements of the act. Is that contention sound? We think so.

The knowledge or notice required by the statute need not, of course, be knowledge or notice of an accident; it merely

must be knowledge and notice "of the occurrence of the injury." Here (unlike in the case of *Bobowinik* v. *Erie Railroad Co.*, 118 *N. J. L.* 118; 191 *Atl. Rep.* 740, where at most the proofs disclosed that the wife went to the shop of the company and told some one seated at the desk that she was the wife of the employe and that she wanted a doctor) the knowledge or notice obtained by the prosecutor's plant physician of the occurrence of the injury by respondent is clearly imputable to prosecutor. "First hand knowledge" is not required. The requirements of the statute are satisfied if the employer "has such knowledge as most of us are confined to in the daily affairs of life." *Hercules Powder Co.* v. *Nieratko*, 113 *N. J. L.* 195 (at *pp.* 198, 199); 173 *Atl. Rep.* 606; *affirmed*, 114 *N. J. L.* 254; 176 *Atl. Rep.* 198, with reservation as to whether in the absence of actual knowledge or notice the statutory provisions are directory only and thus need not be in writing. *Cf. Allen* v. *City of Millville*, 87 *N. J. L.* 356; 95 *Atl. Rep.* 130; *affirmed*, 88 *N. J. L.* 693; 96 *Atl. Rep.* 1101; *A. Fishman Hat Co.* v. *Rosen*, 6 *N. J. Mis. R.* 667, 669; 142 *Atl. Rep.* 559; *affirmed*, 106 *N. J. L.* 567; 146 *Atl. Rep.* 912; *Farrell* v. *Ferry Hat Co.*, 10 *N. J. Mis. R.* 319, 320; 159 *Atl. Rep.* 153.

Nor is it necessary, as prosecutor contends, to prove that the actual knowledge had by the employer produced the same information the employer would have had if a formal notice had been furnished. The statute does not so provide, nor do the cases require this. "Actual knowledge of the occurrence of the injury" means no more than just that. "Particularization" or "specification" of the nature of the injury is not necessary. *Hercules Powder Co.* v. *Nieratko*, 113 *N. J. L.* (at *p.* 198).

What the employe did in this case was to apprise the employer, through its physician, on the day of the accident that he had sustained an injury. Both the deputy commissioner and the Court of Common Pleas so found. We, too, so find. As a matter of fact, prosecutor itself in effect admits this but vigorously contends that all it had knowledge of was that respondent had something in his eye; and that this

was in nowise connected with the bump on the head which ultimately caused the blindness. We are firmly of the opinion, however, that the actual knowledge of the employer under *R. S.* 34:15-17, need not be either of the cause of the injury or of the resultant consequences thereof. It suffices if the employer had actual knowledge of the injury alone. Particularly is this so when as here the employer's own physician did not foresee the result of the injury of which respondent complained. Then again ofttimes the ultimate results of a particular injury are not ascertainable until a considerable time has elapsed. Nor does the fact, under the proofs of the case at bar, that respondent said nothing to prosecutor's physician about the bump he received on his head operate to defeat his right to compensation for an injury which he received arising out of and in the course of his employment. There is nothing to indicate, and no such claim is made, that he deliberately withheld such information. There is no reason why he should have withheld it save as he explains by saying that he didn't "think anything of it." When respondent was asked by his own physician whether he had received a blow on his head, he freely admitted it, and the cause for the retinal detachments became obvious. Had prosecutor's physician made the same inquiry the same result would have or should have followed.

We are entirely satisfied, and find, that respondent sustained an injury from an accident arising out of and in the course of his employment and that prosecutor had actual knowledge of the occurrence of that injury within the intendment of the statute.

There is no merit to the other points argued.

Accordingly the writ of *certiorari* is dismissed, with costs.

Mr. Justice Parker does not share the view that the proofs justify the factual finding that the notice to the doctor here was such as to put the employer on notice of the really serious injuries sustained by the employe.