288 F.2d 542
 MORRISON-KNUDSEN COMPANY, Inc., Appellant,
v.
J. J. O'LEARY, Deputy Commissioner, 14th Compensation District, Under the Longshoremen & Harbor Workers' Compensation Act, U. S. Department of Labor, Bureau of Employees Compensation and Dana M. Emig, for Herself and on behalf of Susan Marie and Kristine Marie Emig, Appellees.
 No. 16896.
 United States Court of Appeals Ninth Circuit.
 March 20, 1961.
 
 1
 Robert T. Mautz, Kenneth E. Roberts, Portland, Or., and Thomas L. Smith, Boise, Idaho, for appellant.
 
 
 2
 George Cochran Doub, Asst. Atty. Gen., Alan S. Rosenthal and Donald H. Green, Washington, D. C., Kenneth G. Bergquist, U. S. Atty., Boise, Idaho, for appellees.
 
 
 3
 Bailey, Lezak, Swink & Gates, Portland, Or., for intervenors.
 
 
 4
 Before HAMLEY and MERRILL, Circuit Judges, and WOLLENBERG, District Judge.
 
 
 5
 WOLLENBERG, District Judge.
 
 
 6
 This case involves the death of four workmen employed by appellant in the construction of the Brownlee Dam on the Snake River, which at the point of construction runs between the states of Idaho and Oregon. The dam construction was authorized by the Federal Power Commission "in the interest of navigation."
 
 
 7
 During construction a diversion tunnel was constructed; this tunnel took the entire flow of the Snake River from its normal channel and carried it around the dam site during the period of construction of the dam itself. This tunnel, for several months, was the actual bed of the stream. Later, gates with open grilles were placed at the upstream entrance of the tunnel to allow a portion of the water to flow to the dam, and thus build up a pool behind the dam, at the same time allowing a portion of the water to go into the river via the tunnel, and thus maintain the downstream flow of the Snake. This continued until the level of water behind the dam became sufficiently high so that the required water could pass downstream via the spillway of the dam. When this occurred the appellant attempted to close the tunnel flow of water by blocking off the grilles at the tunnel entrance by dumping rock and fill. This process of dumping was eventually designed to close off the entire flow of water into the tunnel. At the time of the deaths, approximately one-twentieth of the entire river water continued to flow into the tunnel by seeping through the rock fill.
 
 
 8
 The four deceased workmen had entered the diversion tunnel in a boat to accomplish work eventually designed to effect a complete closing off of the flow of all waters into the tunnel. It was while engaged in this work that the four workmen lost their lives by drowning.
 
 
 9
 The deputy commissioner, on these facts, after hearing, awarded payments under the Longshoremen's and Harbor Workers' Compensation Act to the claimants. He specifically found the deaths arose out of the workers' employment, that a portion of the Snake River, a navigable body of water, was flowing through the diversion tunnel at the time of the accident, that appellant contractors used a number of boats during construction of the dam, and that the claims herein were timely filed. The appellant then filed in the United States District Court for the District of Idaho a "Petition for Injunction." This petition sought a decree holding the commissioner's compensation order unlawful, and setting it aside, and enjoining its enforcement. The United States District Court denied a motion for a trial de novo and denied the relief sought, affirming the award of the deputy commissioner as supported by substantial evidence.
 
 
 10
 (1) Appellant contends that the trial court erred in denying it a trial de novo.
 
 
 11
 It agrees that the record before the deputy commissioner is complete and contains all of the evidence that could be adduced at any hearing on this case; in other words, a de novo hearing before the reviewing court would have produced no more factually than the court had before it in the record of hearing before the deputy commissioner. There is, therefore, no showing that any worthwhile purpose would have been served by a hearing de novo in the district court on review of the commissioner's order.
 
 
 12
 This court has on two occasions refused to require de novo hearings on review, and in each case has refused to distinguish between questions of fact that may be said to be "fundamental" or "jurisdictional." Thus it can be said that as far as this Circuit is concerned the rule laid down in Crowell v. Benson, 285 U.S. 22, 52 S.Ct. 285, 76 L.Ed. 598, has been limited and interpreted so as not to require a trial de novo as a matter of right under circumstances where there is no real issue of fact presented. Rather, this court has consistently held that where no worthwhile purpose would be served, the substantial evidence rule should be applied, and if there is such evidence upon which to sustain the deputy commissioner's findings, his conclusions should be sustained. Clearly, there is no showing under the present modern authorities that appellant was entitled to a hearing de novo as a matter of right under the circumstances herein. O'Leary v. Dielschneider, 9 Cir., 204 F.2d 810; Western Boat Building Co. v. O'Leary, 9 Cir., 198 F.2d 409.
 
 
 13
 The District Judge adopted, and we believe correctly, the substantial evidence rule, and reviewed the record before the deputy commissioner. This he had a right to do, and clearly he committed no error in proceeding to a determination of the issues upon that record without a de novo trial.
 
 
 14
 (2) It is contended by appellant that the court erred in holding that the employees' deaths resulted from injuries occurring upon navigable waters of the United States, and were thus subject to the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 901 et seq.
 
 
 15
 There can be no doubt, from a reading of the record herein, that the waters of the Snake River are navigable waters. The facts disclose that the purpose of the tunnel in question was to accommodate these waters during the construction of the dam; that for a period of many months all of the waters of the Snake River flowed through the tunnel, and thus the tunnel became the stream bed of the river. At the time of the accident, although an attempt had been made to prevent the flow of any of the water from the river into the tunnel, yet a considerable amount of this river flowed into the tunnel as leakage. This did not change the navigable nature of the waters in the tunnel; man made works, although artificial, have not, under these facts, changed the character of the waters of the Snake River, and particularly the character of the water in the diversion tunnel; the waters in the tunnel were at the time of the accident navigable waters of the Snake River.
 
 
 16
 (3) Appellant contends that there is nothing in the evidence remotely connected with maritime employment, which would make the deaths compensable under the Longshoremen's and Harbor Workers' Compensation Act.
 
 
 17
 The deaths occurred on navigable waters, i. e., the Snake River, at a time that the deceased dam workers were operating a boat on these waters. The appellant was constructing the dam, on the navigable Snake River, under an authorization from the Federal Power Commission "in the interest of navigation." The fact that the deceased were dam workers is not determinative herein; these men, under the facts, were engaged in a pursuit directly concerned with a maritime purpose; they were concerned, as was their employer, with an occupation directly affecting the flow of navigable waters of the Snake River. At the time of their deaths they were engaged in a maritime pursuit on navigable waters of the United States. The work they were doing, from a boat floating on waters of the Snake River, at the time of their deaths, directly concerned the flow of the waters of the river, i. e., navigable waters, to prevent seepage into the tunnel of waters from a navigable stream. The tunnel in which they were working had some months before carried all the waters of this stream and during this period was the main stream bed. At the time of the deaths, it still carried a portion of these waters, and it was this fact that necessitated the presence of the workers in the tunnel in order that the tunnel be plugged and all of the water of the stream be returned to a single channel.
 
 
 18
 Under the facts herein, at the specific time and place both employer and employees were engaged in maritime employment.
 
 
 19
 This conclusion of the deputy commissioner is adequately sustained in the record by substantial evidence, and the District Judge so found. The fact that the evidence may have supported a contrary finding, or that the weight of the evidence may be contra, is not sufficient to overcome the substantial evidence rule as applied by the District Judge. South Chicago Coal & Dock Co. v. Bassett, 309 U.S. 251, 60 S.Ct. 544, 84 L.Ed. 732.
 
 
 20
 It is therefore ordered: (1) That judgment of the United States District Court be affirmed.
 
 
 21
 (2) That counsel fees for services on this appeal be paid to Bailey, Lezak, Swink and Gates, of Portland, Oregon, attorneys for intervenor, in the sum of $150.00 to be paid from the award to claimants herein.