## WEST v. JENNINGS et al.

### No. 10321.

Court of Civil Appeals of Texas.
San Antonio.

Sept. 7, 1938.

Vinson, Elkins, Weems & Francis and John C. Townes, all of Houston, for plaintiff in error.

Keyes & Holt, of Corpus Christi, and Lawler, Wood & Childress, of Houston, for defendants in error.

MURRAY, Justice.

On November 22, 1933, D. L. Rambo executed an oil lease to Clide Jennings, which described the land leased as "Lot No. 6, Section No. 35, of the Fourth Subdivision of the Taft Ranch, containing 110¾ acres." It is contended this lease should have included Lots 3 and 6 of said Section 35. The entire controversy hinges

on this contention. Lot 6 contains only 30¾ acres, and it would have taken Lot 3, containing 80 acres, to make the 110¾ acres called for in the lease.

Afterwards Jennings conveyed an interest in this lease to Nabob Royalty, Inc., and it in turn conveyed that interest to Texon Royalty Company, a corporation.

On April 20, 1935, the Rambos executed to H. E. Nutter an oil lease upon Lot 3, in said Section No. 35. H. E. Nutter subsequently sold and assigned the lease on Lot 3 to G. T. West. West here contends that he is an innocent purchaser of the lease in good faith, for a valuable consideration, without notice of any equitable claims of Clide Jennings and others to have their prior lease include said Lot No. 3.

Clide Jennings, joined by the Texon Royalty Company, as plaintiffs, instituted this suit to have the first lease corrected so as to include Lot 3 of said Block 35, and to have the subsequent lease to Nutter set aside and cancelled. Nutter filed a disclaimer. The cause was tried before the court without the intervention of a jury and judgment entered correcting the Jenning's lease so as to include in its description said Lot No. 3, and also cancelling the Nutter lease. From this judgment West has perfected this writ of error.

■ Plaintiff in error, West, by his propositions one to six, and ten to eleven, complains of certain alleged errors of the trial court in reference to the admission of evidence. The trial being before the court without the intervention of a jury and the presumption being that the trial judge in rendering judgment did not consider evidence other than that which was properly admitted, we do not find it necessary in this cause to discuss these questions of evidence. Vol. 3, Tex.Jur. pp. 1059 to 1065, §§ 747 to 750.

■ By his seventh proposition plaintiff in error contends that there was no evidence to support the implied finding of the trial court that West had actual knowledge of the equitable claim of Jennings and his assigns. We presume that by "actual knowledge" West meant "actual notice" as distinguished from constructive notice. 31 Tex.Jur. pp. 358, 359, §§ 2 and 3.

■ To show "actual notice" it is not necessary to show by positive, direct testimony that a person actually knew the fact or facts sought to be charged to him but it is sufficient to show by circumstances that he knew the facts or should have known them, if he had made proper inquiry, having knowledge of facts putting him on inquiry. He may not purposely remain ignorant. 31 Tex.Jur. p. 362 et seq., §§ 4 and 5.

■ We are of the opinion that there is some evidence in this record of at least imputed notice to West of the equities of Jennings and his assigns. In the first place, the very lease which West purchased from Nutter contained the following clause: "This lease is executed by lessor and accepted by lessee subject to any valid and subsisting mineral lease now on the above described land and if there be a valid subsisting mineral lease on the above described premises, the same shall be accepted (excepted) from the warranty of lessor herein."

The evidence further shows that Nutter knew full well about the outstanding equity of Jennings and his assigns to a lease on Lot 3, and that the Rambos refused to execute the "top lease" as Nutter called it, until he inserted the above clauses.

It is further shown that, while West denied being in San Patricio and Nueces Counties any time near the date of the Nutter lease, he was registered at the Nueces Hotel, in Corpus Christi, on April 14, 1935, occupying the same room as Nutter. At that time Nutter began negotiations for his lease of Lot 3. The lease was dated April 20, 1935. West and Nutter offered the Cryors $800 for a 30-acre adjoining lease further from production, while West exchanged an 8-acre lease of the value of about $3 per acre for the Nutter lease. Thus West and Nutter must both have known of the inadequacy of the consideration paid by West for the 80-acre Nutter lease. West and Nutter were intimate friends and had had other dealings in oil leases. All of these circumstances constitute some evidence of actual notice to West of the outstanding equities against Nutter's lease on Lot 3. We therefore overrule West's contention that there is no evidence of notice. The question of the sufficiency of the evidence is not raised and we do not determine that question.

■ We sustain West's contention that the lease from Rambo and wife to Jennings,

was outside of his chain of title and its contents was no notice to West.

West's other propositions are based upon the presumption that we would sustain his contention that there was no evidence to show notice to him of the Jennings' equities. Having overruled him on that contention, it follows that his other propositions must fall.

The judgment is affirmed.