423 P.2d 418 ·

Marian V. COLLINS, Plaintiff-Appellee,

v.

BIG FOUR PAVING, INC., and Glen Falls
Insurance Co., Defendants-Appellants.

Bennie Jo HOFFMAN, Plaintiff-Appellee,

v.

BIG FOUR PAVING, INC., and Glen Falls
Insurance Co., Defendants-Appellants.

No. 8078.

Supreme Court of New Mexico.

Jan. 30, 1967.

Rodey, Dickason, Sloan, Akin & Robb, William C. Briggs, Albuquerque, for appellants.

Matteucci, Gutierrez, Franchini & Calkins, Albuquerque, for appellees.

## OPINION

CARMODY, Justice.

In these two consolidated cases, the trial court granted summary judgment in favor of the plaintiffs, and the defendants employer and insurer appeal.

The only question involved is whether written notice was required in connection with the complete disappearance of a private plane in a mountainous area during the winter. Under the facts here present, we believe that no written notice was required.

There is no conflict as to the facts of the case, and actually no disagreement but that the plaintiffs are entitled to compensation benefits for the death of the two employees, the defendants in essence contending only that the suit was prematurely filed.

On January 24, 1965, the two deceased workmen and another left Albuquerque in a private plane furnished by the defendant-employer, intending to proceed to Cliff, New Mexico, a flight which normally took an hour and a half to two hours. They never arrived. The following morning, the president of the employer telephoned Mrs. Hoffman, the wife of one of the employees, to see if the men had left, and was informed that they had departed the previous afternoon. An intensive search was instituted by both public and private groups, including the president of the employer, who flew his own plane. By the end of the first week after the disappearance, the president felt that the plane had crashed, and he stated he was beginning to lose heart, although he still had some hope. At about this same time, the compensation carrier was advised that the plane had disappeared. The intensive search was carried on for at least thirty days after the crash, but no wreckage was discovered and

the president felt that the chance of survival was very slim. The search still continued thereafter, and on April 15, 1965, the wreckage was discovered from the air. The bodies of the workmen were located and removed the following day. The suit was filed the same day the bodies were discovered, being eighty-two days after the first report of the loss of the plane. The first compensation was paid to the plaintiffs on May 14, 1965.

Defendants claim that they were not required to make compensation payments until thirty-one days after the receipt by them of a written notice, sent under date of March 26, 1965, and that therefore the suits were prematurely filed, only twenty-one days having elapsed following the mailing of the notice.

It is apparent that the notice was mailed because counsel for the plaintiffs, in a superabundance of caution, wanted to be certain that there could be no contention by the insurer that there was no "actual knowledge" of the occurrence as contemplated by § 59–10–13.4, subd. B, N.M.S.A.1953. The notice was not needed.

■ The cases relied upon by appellant plainly hold that the court lacks jurisdiction where the case is prematurely filed, but they relate to circumstances where the case was filed less than the statutory time after some type of notice was required to be given. Swallows v. City of Albuquerque, 1955, 59 N.M. 328, 284 P.2d 216; Spieker v. Skelly Oil Company, 1954, 58 N.M. 674, 274 P.2d 625, and they do not relate to cases in which the employer had actual knowledge of the occurrence of the accident.

In Ogletree v. Jones, 1940, 44 N.M. 567, 106 P.2d 302, we held that there was no proof of notice because the employer did not have actual knowledge of the accident and injury, there being only a casual conversation between the claimant and his foreman, which was not sufficient to put the employer on notice of any compensable accident or injury. We have, in several cases since Ogletree, followed this rule, Sanchez v. James H. Rhodes & Company, 1964, 74 N.M. 112, 391 P.2d 336; Wilson v. Navajo Freight Lines, Inc., 1964, 73 N.M. 470, 389 P.2d 594; Sanchez v. Bernalillo County, 1953, 57 N.M. 217, 257 P.2d 909, nor do we retreat from it now.

We have found no case, either in this jurisdiction or elsewhere, which specifically raises the question here at issue. There are cases involving the complete disappearance of a workman which have granted compensation to dependents, but in none of them is the question of timeliness of the notice or the suit considered. See Krell v. Maryland Drydock Co., 1945, 184 Md. 428, 41 A.2d 502; O'Leary v. Dielschneider (9th Cir. 1953), 204 F.2d 810; Western Grain & Sugar Products Co. v. Pillsbury, 1916, 173 Cal. 135, 159 P. 423; Savannah River Lumber Co. v. Bush, 1927, 37 Ga.App. 539, 140 S.E. 899; Green v. Simpson & Brown Const. Co., 1953, 26 N.J.Super. 306, 97 A.2d 704, aff'd, 14 N.J. 66, 101 A.2d 10 (1953).

The real problem is whether·the knowledge by all of those concerned that the plane had completely disappeared was "actual knowledge," thereby dispensing with the requirement for written notice, or whether under our statute the dependents were required to give formal written notice before the surety company was required to make payments. The defendants do not claim that they would be justified in refusing to make payments until the lapse of seven years, after which the workmen could be presumed dead, but they insist that they have thirty-one days from the giving of the written notice within which to determine if payments should be made and to start payments within such time to avoid litigation.

 The purpose of the notice provision of the statute, as stated in Ogletree and subsequent cases, is to allow the employer, or its insurance company, to investigate the accident. Here the defendants had the benefit of all known facts within a few days of the disappearance—all that was lacking was the discovery of the wreckage and the bodies. After thirty days, no one had any doubt but that the men had been killed in the course of their employment. So what·further time was required to investigate?

We have here a far different situation than existed in our prior cases where there were questions relating to the extent or compensability of the injury, whether it was in the course of employment, or·other problems which, in fairness to the employer, required notice be given.

 In the last analysis, our determination relates to the meaning of what is "actual knowledge." It does not mean firsthand knowledge, but only "knowledge" as the word is used in common parlance, Allen v. City of Millville, 1915, 87 N.J.L. 356, 95 A. 130. As stated in varying language by different courts, "actual knowledge" is knowledge sufficient to impress a reasonable man, i. e., knowledge obtained in the daily affairs of life, but not absolute certainty. Sobczyk v. City of Duluth, 1955, 245 Minn. 569, 73 N.W.2d 795; Davidson v. Bermo, Inc. (1965), 272 Minn. 97, 137 N.W.2d 567; General Cable Corp. v. Levins, 1939, 122 N.J.L. 383, 5 A.2d 731; Rinne v. W. C. Griffis Co., 1951, 234 Minn. 146, 47 N.W.2d 872; Nashville Bridge Co. v. Honeycutt, 1945, 246 Ala. 319, 20 So.2d 591; Dunlap v. Gibson, 1911, 83 Kan. 757, 112 P. 598, 31 L.R.A.(N.S.) 1071; and Cooper v. Independent Transfer & Storage Co., Inc., 1933, 52 Idaho 747, 19 P.2d 1057. Under these facts, defendants had "actual knowledge" of the occurrence of the accident and no written notice was required.

We expressly refuse to determine the exact time when the statute commenced to run, but certainly when the employer satisfied itself that the plane had disappeared, presumably crashed in the mountains in the dead of winter, and so advised its insurance company, it had actual knowledge of the·oc-

**384**

currence, and compensation should have been tendered within thity-one days thereafter.

Appellees have sought additional attorney's fees in this court and a fee will be allowed. We have considered the fact that a substantial fee was granted in the trial court, but an additional fee of $500.00 will be awarded.

The case is in all respects affirmed. It is so ordered.

NOBLE and COMPTON, JJ., concur.