487 P.2d 148

Thurman F. **CLARK**, Plaintiff-Appellant,

v.

**DUVAL CORPORATION** and Continental Casualty Company, Insurer, Defendants-Appellees.

, No. 625.

Court of Appeals of New Mexico.

June 18, 1971.

Richard E. Ransom, Smith, Ransom & Deaton, Albuquerque, for plaintiff appellant.

Robert E. Sabin, Bob F. Turner, Atwood, Malone, Mann & Cooter, Roswell, for defendants-appellees.

OPINION

WOOD, Judge.

The appeal in this workman's compensation case involves notice under § 59–10–13.-4, N.M.S.A.1953 (Repl.Vol. 9, pt. 1). Plaintiff suffered an injury in an accident arising out of and in the course of his employment. There is no question as to the employer's knowledge of the accident and of a "no lost time" injury where medical attention was provided by the employer. Our concern is with the employer's knowledge of a "compensable" injury. See Smith v. State, 79 N.M. 25, 439 P.2d 242 (Ct.App.1968). Compare Rohrer v. Eidal International, 79 N.M. 711, 449 P.2d 81 (Ct.App.1968). The issues are: (1) whether the trial court found as a fact that there was no notice of a compensable injury and (2) whether there was notice of a compensable injury as a matter of law.

*Did the trial court find as a fact that there was no notice of a compensable injury?*

While the trial court's findings of fact refer to evidence bearing on the notice question, there is no specific finding under the "Findings of Fact" concerning notice of a compensable injury. However, one of the conclusions of law reads:

"Plaintiff is not entitled to recover any compensation benefits from Defendants under the Workmen's Compensation Act of New Mexico, and Plaintiff's Complaint should be dismissed with prejudice for the reason that *plaintiff did not give the defendant Notice of a compensable injury within the time and manner provided by law.*" (Emphasis added)

Plaintiff asserts this "conclusion of law" is erroneous because the trial court found there was no notice of compensable injury as a matter of law. Plaintiff also claims the "conclusion" is erroneous because not supported by findings going to the ultimate facts. See Walter E. Heller & Company of Cal. v. Stephens, 79 N.M. 74, 439 P.2d 723 (1968). He further contends there is substantial evidence in the record for the trial court to consider upon the issue of notice; that the trial court did not consider this evidence, and the cause should be remanded with instructions to the trial court to consider this evidence and enter a finding on the question of notice. See Geeslin v. Goodno, Inc., 75 N.M. 174, 402 P.2d 156 (1965).

■ We agree with the plaintiff to this extent—there is evidence on the issue of whether the employer had notice of a compensable injury and this evidence is conflicting. We do not agree that the trial court failed to consider this evidence, failed to find on the issue, or ruled on the notice question as a matter of law.

The emphasized portion of the conclusion is a finding of fact although "intermingled with the conclusion of law." Pankey v. Hot Springs Nat. Bank, 46 N.M. 10, 119 P.2d 636 (1941); Tres Ritos Ranch Co. v. Abbott, 44 N.M. 556, 105 P.2d 1070, 130 A.L.R. 963 (1940). Further, the emphasized words are a finding of ultimate

fact. Geeslin v. Goodno, Inc., supra. Substantial evidence supports this finding. Contrary to plaintiff's contentions, we cannot say that the record, considered as a whole, shows the trial court failed to exercise its discretion in making this finding, nor can we say that the trial court's conclusion as to notice was based on an erroneous view as to the law of notice. See Kuert v. Kuert, 60 N.M. 432, 292 P.2d 115 (1956).

Admittedly the finding is not "separately stated and numbered" as a finding of fact as required by § 21–1–1(52) (B) (a) (2), N.M.S.A.1953 (Repl.Vol. 4). Since the finding is clear, and the only fault with the finding is that it is mislabeled, plaintiff is not prejudiced. We decline to remand the case to require the trial court to remove the finding from its conclusions and include it under the findings of fact. White v. Morrison, 62 N.M. 47, 304 P.2d 572 (1956); compare Martinez v. Research Park, Inc., 75 N.M. 672, 410 P.2d 200 (1965); Moore v. Moore, 68 N.M. 207, 360 P.2d 394 (1961).

*Was there notice of a compensable injury as a matter of law?*

■ Plaintiff states: "For the same reasons that no additional notice was required in Geeslin v. Goodno, Inc., 77 N.M. 408, 423 P.2d 603 (1967) * * * no additional notice was required in the instant case, as a matter of law, * * *" This second Geeslin decision (for Geeslin I, see Geeslin v. Goodno, Inc., 75 N.M. 174, supra), does not support plaintiff's claim that there was notice of a compensable injury as a matter of law. In Geeslin, II, supra, notice was found as a fact by the trial court and the New Mexico Supreme Court's "holding" that " * * * appellants had actual knowledge of the accident and injury. * * *" is based on the facts found by the trial court.

Plaintiff seems to contend that under Geeslin II, supra, notice of a compensable injury is not required; that notice of an accident and an injury is sufficient. Gees-

lin II, supra, does not so hold. The opinion expressly states: "The employer had notice of a compensable injury * * *." Geeslin II, supra, did not change the requirement that there must be notice of a compensable injury. Smith v. State, supra. The question of notice of a compensable injury is one of fact. Geeslin I, supra.

Plaintiff asserts: "The purpose of the notice provision of the statute [§ 59–10–13.4, supra] is to allow the employer, or its insurance company, to investigate the accident. * * *" citing Collins v. Big Four Paving, Inc., 77 N.M. 380, 423 P.2d 418 (1967). His contention is that since the employer had notice of an accident and injury, the notice requirement was satisfied even though under the evidence the trial court could properly find there was no notice of a compensable injury. Plaintiff's contention is incorrect.

The purpose of the notice requirement " * * * is to enable the employer to investigate the facts while they are accessible and, if necessary, to employ doctors so as to speed recovery * * *." Waymire v. Signal Oil Field Service, Inc., 77 N.M. 297, 422 P.2d 34 (1966). Another purpose of the notice requirement is to allow the employer to protect himself against simulated or aggravated claims. Lozano v. Archer, 71 N.M. 175, 376 P.2d 963 (1962).

In Collins v. Big Four Paving, Inc., supra, the defendants had knowledge "of all known facts." We cannot hold, as a matter of law, that defendants had such knowledge in this case because there is evidence that defendants had no knowledge of plaintiff's physical condition for months. Plaintiff did not ask defendants to provide medical attention and did not claim he was entitled to compensation until his suit was filed. The notice requirement cannot be considered satisfied as a matter of law because of the evidence that defendants had no knowledge of facts indicating additional medical attention was necessary and that defendants had no knowledge of the fact that plaintiff considered his claim to be compensable.

Since the purpose of the notice requirement was not satisfied as a matter of law, and since the evidence on the question of notice of a compensable injury was conflicting, the trial court did not err in failing to resolve the notice issue in plaintiff's favor as a matter of law.

The judgment of dismissal is affirmed. It is so ordered.

SPIESS, C. J., and HENDLEY, J., concur.