Helen M. BELL, Plaintiff,

v.

**DALLAS–FORT WORTH REGIONAL AIRPORT BOARD et al., Defendants.**

No. CA 3–76–0767–C.

United States District Court, N. D. Texas, Dallas Division.

March 2, 1977.

---

Kenneth A. Herridge, May, Troy & Block, Dallas, Tex., Calvin M. Howard, Carl E. Chamblee, Birmingham, Ala., for plaintiff.

W. B. Patterson (now dec'd.), Jackson, Walker, Winstead, Cantwell & Miller, Dallas, Tex., for D.F.W.

Thomas C. Unis & Ed Walts, Strasburger, Price, Kelton, Martin & Unis, Dallas, Tex., for LTV Aero Space, Inc.

Porter K. Johnston, Touchstone, Bernays & Johnston, Dallas, Tex., for Delta.

Jim E. Cowles, Touchstone, Bernays & Johnston, Dallas, Tex., for Braniff.

## MEMORANDUM OPINION

WILLIAM M. TAYLOR, Jr., Chief Judge.

Plaintiff brought this diversity action to recover for personal injuries allegedly sustained when she fell while riding on an Airtrans shuttle car at the Dallas/Fort Worth Regional Airport. Defendant Dallas/Fort Worth Regional Airport Board

(hereafter, the Board) filed a Motion to Dismiss or for Summary Judgment on June 24, 1976. After a hearing, the Board's Motion to Dismiss was denied upon a determination that the Board is an arm of the Cities of Dallas and Fort Worth and that it is, therefore, subject to Federal diversity jurisdiction. This Court also found, however, that the activities of the Board constitute a governmental function by virtue of Article 46d–15 of Vernon's Texas Civil Statutes Annotated and that the Board is consequently subject to suit only under the Texas Tort Claims Act (hereafter, TTCA). This brings the Court to the Board's Motion for Summary Judgment which is based on the theory that Plaintiff failed to give the Board notice of injury within the statutory six-month period and that the Board had no "actual notice" within the meaning of the TTCA. For the reasons set forth below, it is the opinion of this Court that the Motion for Summary Judgment should be granted.

An express precondition of filing suit under the TTCA is that a claimant must give notice of claim within six months of the incident giving rise to tort liability. The specific statutory language as set forth in Article 6252–19, Sec. 16 is as follows:

> "Except where there is actual notice on the part of the governmental unit that death has occurred or that the claimant has received some injury or that property of the claimant has been damaged, any person making a claim hereunder shall give notice of the same to the governmental unit against which such claim is made, reasonably describing the damage or injury claimed and the time, manner and place of the incident from which it arose, within six months from the date of the incident."

■ It seems clear that the normal method of giving notice contemplated by the statute is for the claimant to make a formal claim "describing the damage or injury claimed and the time, manner and place of the incident from which it arose." Such a requirement is in the nature of a statute of limitations to protect governmental entities from stale or fraudulent claims and to give the governmental defendant an opportunity to investigate the incident and to attempt to settle the claim short of litigation, 40 Tex.Jur.2d Municipal Corporations § 701. The formal notice requirement, of course, has an exception: no formal notice is required where the defendant has "actual notice". This "actual notice" exception, therefore, is in the nature of a defense in avoidance of limitation.

■ If we are correct that the "actual notice" provision is in the nature of a defense in avoidance of limitation, the burden should be on Plaintiff to establish the existence of actual notice. "It is generally agreed that a matter in avoidance of the defense of the statute of limitations must be proved by the party asserting such matter", 51 Am.Jur.2d Limitation of Actions § 484. Such a position appears logically correct as the defendant would otherwise have the burden of proving a negative— that it did not have notice. Plaintiff here claims that Defendant does have the burden of proof, however, and cites in support of this conclusion the case of *Murphy v. Lower Neches Valley Authority,* 529 S.W.2d 816 (Tex.Civ.App. Beaumont, 1975). That case, however, was reversed by the Supreme Court of Texas, *Lower Neches Valley Authority v. Murphy,* 536 S.W.2d 561 (1976). In its opinion reversing the Court of Civil Appeals, the Supreme Court of Texas made no mention of the notice question but rather determined that the Authority was not negligent. We hold, therefore, that plaintiff has the burden of proving "actual notice".

Plaintiff next contends, however, that even if she has the burden of proving actual notice, the facts here do so. Briefly, Defendant in this case filed an affidavit in support of its Motion for Summary Judgment in which Ernest Dean, Executive Director of the Board, states after a search of all Board records that the only knowledge the Board had of the facts in this case are that someone reportedly fell while on an Airtrans car, that officers were dispatched to the scene, that Plaintiff showed no visible signs of injury, and that she refused

medical attention. This set of facts does not show that any agent of the Board had knowledge that Plaintiff suffered any injury compensable under negligence law. In a last-minute effort to strengthen her claim, Plaintiff filed an affidavit in opposition to the Motion for Summary Judgment which does raise a question of fact about knowledge of an injury by stating that Plaintiff told the Board officers that she experienced pain as a result of the fall. Plaintiff's affidavit, however, contains nothing to indicate that the Board or its agents knew or reasonably should have known that its acts or omissions caused Plaintiff's fall.

■ Plaintiff contends that all a claimant must show to satisfy the actual notice requirement is that some agent of the Defendant knew that the claimant had experienced "some injury." While this is in keeping with the literal wording of the statute, it would appear that the knowledge the Texas Legislature intended a governmental entity to have to constitute "actual notice" is substantially equivalent to that which the governmental defendant would have had if the claimant had complied with the formal notice requirement. The Court of Civil Appeals for Fort Worth recognized this when it said in a case against the City of Denton based on the misleading nature of a traffic signal that:

"The City had immediate ample notice that the claimants were seriously injured, that the maintenance of the traffic signal device was probably a cause of the collision and injuries, and the names and addresses of all the parties involved. Therefore, the City had actual notice within the meaning of Section 16 of the Act."

*City of Denton v. Mathes,* 528 S.W.2d 625, 631.

Again, the knowledge the governmental unit has under the actual notice provisions should be substantially equivalent to the knowledge that would be provided through satisfaction of the formal notice provision which requires information on the "injury . . . claimed, and the time, *manner* and place of the incident from which it arose." (Emphasis added.) If it has such actual knowledge, the governmental unit is not substantially compromised by a claimant's failure to give formal notice. Without such knowledge, the governmental defendant cannot reasonably anticipate that an injured party will assert a claim and, therefore, has no opportunity to investigate on a timely basis and to attempt to settle the claim short of litigation as is intended by the notice provision of the TTCA.

■ While Plaintiff correctly points out that the TTCA states that its terms are to be liberally construed to achieve the purposes of the Act, the above interpretation of "actual notice" would appear to be as liberal as can be devised if the formal notice requirement is to retain any force. It is a basic principle of statutory construction that a provision of a statute will not be interpreted so as to render nugatory another provision unless such result cannot be avoided. The overly liberal interpretation of "actual notice" urged by Plaintiff would defeat the purpose of the Legislature in enacting a notice provision. By following the Court of Civil Appeals of Fort Worth in *City of Denton v. Mathes, supra,* however, and placing upon a plaintiff the burden of proving actual knowledge of facts substantially equivalent to those required under the formal notice provision, the purpose of the Legislature in establishing a notice requirement is upheld.

■ Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is available where there is no genuine issue as to any material fact and where a party is entitled to judgment as a matter of law. Because Plaintiff has not responded to Defendant's motion and supporting affidavit so as to effectively raise a genuine issue of fact on the issue of whether the Board had "actual notice" as interpreted herein, Defendant's Motion for Summary Judgment should be granted. As the TTCA is relatively new, however, and because there is so little case law interpreting its provisions, the Motion will be continued for 60 days during which time Plaintiff may file additional papers in opposition to the Motion,

conduct discovery of the Board limited to the actual notice question, and move for a rehearing of Defendant's Motion for Summary Judgment. Plaintiff is requested to prepare and submit appropriate form of order approved, as to form, by Defendant.