625 P.2d 583

**Rena MARTINEZ, Plaintiff-Appellant,**

v.

**CITY OF CLOVIS and Mark Boney, Defendants-Appellees.**

**No. 4295.**

Court of Appeals of New Mexico.

May 29, 1980.

Pedro G. Rael and Peter Gallager, Albuquerque, for appellant.

Deborah S. Davis, Shaffer, Butt, Thornton & Baehr, P. C., Albuquerque, for appellees.

OPINION

WALTERS, Judge.

Plaintiff's suit against the City of Clovis and one of its police officers was dismissed with prejudice for her failure to strictly comply with the notice provisions of the Tort Claims Act, specifically § 41–4–16, N.M.S.A.1978. This section of the Act has not previously been construed. We reverse.

The statute requires that the mayor of the municipality against which claims are

made be presented with a written notice, "stating the time, place, and circumstance of the loss or injury," within ninety days after the occurrence giving rise to the claim. In this case, it is not disputed that plaintiffs' attorney and the City's insurer had exchanged written communications within the ninety-day period regarding plaintiff's claims and the injuries she sustained in the collision with the police vehicle.

At the hearing on defendant's Motion to Dismiss, the mayor of Clovis gave the following testimony:

Q. Do you have in this case anyone appointed or an insurance company or a City Attorney that takes care of these matters for you?

A. That's correct, that's why I hardly ever see it. It's referred to the insurance company through our City Attorney and through their agents.

Q. And do you approve of them handling them in your behalf?

A. Yes, sir, that's been the policy.

  *    *    *    *    *    *

Q. Is it ever the policy for you to get personally involved in any of these cases or is all of this authority delegated to the insurance company and your attorneys?

A. I do not get personally involved unless I am requested or summonsed (sic).

Q. And do you authorize the insurance company and the attorneys, are they authorized by you to go ahead and receive notice and handle the case however they think best?

A. Yes.

Thus plaintiff urges that the letters constitute written notice to the mayor's delegated agent.

A second point of error raised by appellant is that the notice requirements of the statute apply only when a person "claims damages from the state or any local public body." § 41–4–16A, N.M.S.A.1978. She says the notice provisions do not apply when suit is brought against an employee of the municipality as opposed to only, or in addition to, the municipality itself.

We need not consider appellant's additional two points raised on appeal, since we agree with these contentions.

Subsection B of § 41–4–16 provides that no suit against a local public body for which immunity has been waived "shall be maintained and no court shall have jurisdiction to consider" any such suit or action unless the notice above referred to has been given, or actual notice exists.

■ Answering plaintiff's second argument first, we look to the language of §§ 41–4–4 in effect at the time of the accident, and 41–4–6 regarding liability of public employees. The pertinent portions of those statutes read as follows:

41–4–4. Granting immunity from tort liability; authorizing exemptions.

A. A governmental entity and any public employee while acting within the scope of duty are granted immunity from liability for any tort except as provided in the Tort Claims Act [41–4–1 to 41–4–25 N.M.S.A.1978].

B. * * * *

C. When liability is alleged against any public employee for any torts alleged to have been committed within the scope of his duty, or for a violation of property rights or any rights, privileges or immunities secured by the constitution and laws of the United States or the constitution and laws of New Mexico, the governmental entity shall provide a defense and pay any settlement or judgment. If an insurance carrier provides a defense to any public employee sued, the duty to defend imposed by this subsection shall be deemed to have been satisfied.

  *    *    *    *    *    *

41–4–6. Liability; buildings, public parks, machinery, equipment and furnishings.

The immunity granted pursuant to Subsection A of Section 41–4–4 N.M.S.A. 1978 does not apply to liability for damages resulting from bodily injury, wrongful death or property damage caused by the negligence of public employees while acting within the scope of their duties in the operation or maintenance of any

building, public park, machinery, equipment or furnishings.

\* \* \* \* \* \*

As we have already noted Section 41–4–16A requires the claimant to give written notice to the officials therein named of any claim against "the state or any local public body" within the ninety-day period, or suffer dismissal for lack of jurisdiction in the district court to hear the matter. However, there is nothing within the notice provisions of § 41–4–16 requiring such notice from one who claims damages against a public employee; and merely because § 41–4–4C imposes upon the governmental entity for which the employee works the obligation to provide a defense to its employee and pay any settlement or judgment reached, it does not convert a public employee, without immunity under § 41–4–6, into a "local public body," a "governmental entity," or the "state or state agency," as those terms are defined in § 41–4–3.

An employee of a political subdivision's "instrumentality" or "institution"—i. e., the local police department—is not and cannot be considered the instrumentality or institution itself. The Legislature recognized the distinction in separately defining "public employee" at § 41–4–3D, N.M.S.A.1978, and in specifying the separate areas of liabilities and immunities granted to the "governmental entity" and any "public employee" in § 41–4–4, supra, and subsequent sections.

The language of the written notice section does not include, and therefore does not apply to, public employees. The practical effect of such an interpretation, while defeating the notice provision insofar as the municipality's vicarious statutory liability in these circumstances is concerned, nevertheless still protects the municipality from suits arising from other than employee's acts for which immunity has been waived in the Tort Claims Act, and likewise keeps from a jury the fact of the City's vicarious liability in a suit such as the present if the municipality has not received either written or actual notice of the claim. If the Legislature had intended a different interpretation, it could have included in § 41–4–16 the

necessity for giving written notice to the offending public employee as well as to the mayor, to the school district superintendent, to the risk management division, or to the administrative head of any other local public body, as the statute spells out. See Vermeer v. Sneller, 190 N.W.2d 389 (Iowa 1971).

We hold that plaintiff's claim against the defendant Boney should not have been dismissed for non-compliance with the notice provisions of § 41–4–16, N.M.S.A.1978.

■ We now consider whether the defendant City was entitled to dismissal on the same ground.

In argument before the trial court defendant's counsel correctly argued that

[N]otice must be given to the mayor . . . [t]he purpose for the notice being to enable local public bodies . . . to correct any problems or defects which they have the opportunity to become aware of as a result of this notice.

We are persuaded that, since cases now arising under the Tort Claims Act almost always present issues of first impression (as the instant case does), statements made in workmen's compensation suits regarding the reason for notice should be accorded great weight. It repeatedly has been said that the purpose of a notice requirement is to enable the person or entity to whom notice must be given, or its insurance company, to investigate the matter while the facts are accessible, to question witnesses, to protect against simulated or aggravated claims, and to consider whether to pay the claim or refuse it. See, e. g., Collins v. Big Four Paving, Inc. 77 N.M. 380, 423 P.2d 418 (1967); Ogletree v. Jones, 44 N.M. 567, 106 P.2d 302 (1940); Beckwith v. Cactus Drilling Corp., 84 N.M. 565, 505 P.2d 1241 (Ct. App.1972); Clark v. Duval Corp., 82 N.M. 720, 487 P.2d 148 (Ct.App.1971).

Appellant would equate the notice to the sheriff in Sanchez v. Board of Co. Commr's., 81 N.M. 644, 471 P.2d 678 (Ct.App.1970), with the notice here to the city's insurer arising from the correspondence between plaintiff's attorney and the insurance adjus-

tor. There is no such similarity. *Sanchez* expressly noted that the board of commissioners "had neither authorized nor attempted to impose upon the sheriff responsibility to receive or relay" notices of road defects to the Board. 81 N.M. at 646, 471 P.2d 678. Moreover, the sheriff had no statutory duties "pertaining to the maintenance of roads or the extinguishment of fires." 81 N.M. at 645, 471 P.2d 678. Delegated authority is undisputed here.

The record and exhibits in this case indicate that the City's insurer instigated the correspondence with plaintiff's attorney in order to investigate the accident, to provide counsel with a copy of the police report, and to request from plaintiff the medical reports. The company also acknowledged that it was handling the matter on behalf of the City when it wrote in a subsequent letter to plaintiff's attorney:

> * * * [W]e request that you please forward this information to our attention with up-to-date medical bills so that we can stay on top of this file and be able to provide this information *to our principal* on a timely basis. (Our emphasis.)

The mayor's testimony confirmed the authority of the insurance company to handle such matters on his behalf.

It was held in *Anaya v. Big Three Industries, Inc.*, 86 N.M. 168, 521 P.2d 130 (Ct. App.1974), that notice to an adjustor acting for his principal, and known to the claimant to be the adjustor for the principal, is sufficient notice to satisfy the statute requiring notice to the principal. We see no reason to distinguish between interpretation of the notice statute in that case and its counterpart in this case. Indeed, it is pettifoggery to suggest that the common rules of agency should not apply, particularly when the purpose for the requirement of notice is examined and the record discloses that the agent of the municipality and the mayor is, within the ninety-day period, performing those acts which notice is intended to trigger. *See Ogletree v. Jones, supra; see also* 56 Am.Jur.2d 730, "Municipal Corporations, Counties, and other Political Subdivisions," § 686 (Purpose of [notice] requirement).

The purpose of the notice provision having been served, and one step in the process of prompt investigation having been eliminated, we hold it was error for the trial court to dismiss against defendants on the ground stated.

The cause is remanded for reinstatement on the trial docket.

SUTIN, J., specially concurs.

ANDREWS, J., concurs.

SUTIN, Judge (specially concurring).

I specially concur:

Section 41–4–16(A) and (B), N.M.S.A.1978 reads in pertinent part:

> A. Every person who claims damages from * * * any local body under the Tort Claims Act [41–4–1 to 41–4–25 N.M.S.A. 1978] shall cause to be presented to the * * * mayor of the municipality for claims against the municipality * * * *within ninety days after an occurrence giving rise to a claim* for which immunity has been waived under the Tort Claims Act, *a written notice stating the time, place and circumstances of the loss or injury.*
>
> B. *No suit or action for which immunity has been waived* under the Tort Claims Act *shall be maintained and no court shall have jurisdiction to consider any suit or action against * * * any local public body* unless notice has been given as required by this section, *or unless the governmental entity had actual notice of the occurrence.* * * * [Emphasis added.]

This is a death-dealing enactment for members of the public who are unaware of its existence.

Although there is a conflict in authority, I favor those jurisdictions which hold this statute unconstitutional and void. *DeHusson v. City of Anchorage*, 583 P.2d 791 (Alaska 1978); *O'Neil v. City of Parkersburg*, 237 S.E.2d 504 (W.Va.1977); *Hunter v. North Mason High School*, 85 Wash.2d 810, 539 P.2d 845 (1975); *King v. Baskin*, 89 Nev. 290, 511 P.2d 115 (1973); *Hobbs v.*

*Michigan St. Highway Dept.*, 58 Mich.App. 189, 227 N.W.2d 286 (1975); *Turner v. Staggs*, 89 Nev. 230, 510 P.2d 879 (1973); *Reich v. State Highway Department*, 386 Mich. 617, 194 N.W.2d 700 (1972); *Batchelder v. Haxby*, 167 Ind.App. 82, 337 N.E.2d 887 (1975), Staton, J., dissenting; *Sears v. Southworth*, 563 P.2d 192 (Utah 1977), Maughan, J., dissenting. Annot., *Modern Status Of The Law As To Validity Of Statute Or Ordinances Requiring Notice Of Tort Claim Against Local Governmental Entity*, 59 A.L.R.3d 93, 111 (1974).

The one year statute of limitations, independent of the Tort Claims Act, for actions against municipalities has been held constitutional. *Espanola Housing Authority v. Atencio*, 90 N.M. 787, 568 P.2d 1233 (1977), *reversing* Court of Appeals, 90 N.M. 799, 568 P.2d 1245 (Ct.App.1977). Some states are confused about the difference between a statutory period of limitation and a presentment of written notice under the Tort Claims Act. Nevertheless, § 41–4–16(A) and (B) "is in the nature of a statute of limitations to protect governmental entities from stale or fraudulent claims and to give the governmental defendant an opportunity to investigate the incident and to attempt to settle the claim short of litigation. [citation omitted.] The formal notice requirement, of course, has an exception: no formal notice is required where the defendant has 'actual notice'. This 'actual notice' exception, therefore, is in the nature of a defense in avoidance of limitation." *Bell v. Dallas-Fort Worth Regional Airport Bd.*, 427 F.Supp. 927, 929 (D.C. Texas 1977). *Atencio* may apply to the instant case.

When we sit in judgment on the validity of a notice of claim statute enacted for the protection of a governmental unit, we must not overlook the fact that people compose that unit, people who are injured and seek relief but are unaware of the existence of the statute. Some courts which favor the denial of relief rely on the old sovereign immunity doctrine which they created as the law of the land. Courts like our Supreme Court recognized the burden of the old and decrepit theory and swept it under the rug. *Hicks v. State*, 88 N.M. 588, 544 P.2d 1153 (1975).

Some courts rely on the public policy established by the legislature. This public policy I respect. But the governmental unit, not the people who live therein, influence the use of a word, a phrase or a sentence in the enactment of a statute which may be adverse to the fundamental rights of its people. As a result, we try to balance the protection of the governmental unit and the fundamental rights of the people. We may hold the limitation period constitutional for the protection of the governmental unit. We must erase the notice provision for the benefit of the people.

In the alternative, we must give § 41–4–16(A) and (B) an interpretive approach favorable to the people. The notice provision is not effective if "the governmental unit had actual notice of the occurrence." An "occurrence" is much more broad than "the time, place and circumstances of the loss or injury." For definitions, see 67 C.J.S. occur p. 198 (1978); 29 Words and Phrases p. 324 et seq. (1972). We may say that an "occurrence" is an event, incident or happening.

If the City of Clovis had actual notice that a vehicular accident occurred between plaintiff and Mark Boney, a city police officer, the lack of notice to the mayor is irrelevant. An official police report was made by another police officer and a report made to the city police department. The City knew of the damage to the vehicle operated by Boney and the need of restoring it to operation. Another police officer was riding with Boney and knew of the accident. The City's insurance carrier was notified of the accident by some member of the city personnel.

City of *Denton v. Mathes*, 528 S.W.2d 625 (Tex.Civ.App.1975) held that in a personal injury action in which a third-party claim for indemnity had been filed against the City under the Tort Claims Act, the trial court did not err in admitting portions of a police report on the accident for purposes of showing the City's actual notice of the accident. Notice to police officers is "actual" or "constructive" notice to the City. *Ran-*

659

*dolph v. City of Chicago*, 315 Ill.App. 85, 42 N.E.2d 143 (1942).

The City places the police department in charge of accidents. Police are present at the scene and have actual notice and knowledge of the event. We cannot allow the City to hide behind the lack of notice to the mayor to escape liability. To show "actual notice" to a mayor or governmental agency, it is unnecessary to show that they actually knew the fact or facts sought to be charged to them by positive direct testimony. It is sufficient to show by circumstances that they knew the facts or should have known them, if proper inquiry were made having knowledge of facts putting them on inquiry. They may not purposely remain ignorant. *West v. Jennings*, 119 S.W.2d 685 (Tex.Civ. App.1938).

The City of Clovis had "actual notice."