652 P.2d 740

Betty FERGUSON, Guardian and Conservator of the Estate of Robert Lynne Schlueter, an incapacitated and protected person; Santiago G. Chavez, Sr., Personal Representative of the Estate of David Chavez, Deceased; and Ruben Chavez, Plaintiffs-Appellants,

v.

NEW MEXICO STATE HIGHWAY COMMISSION, Board of Commissioners of Valencia County, State of New Mexico, Defendants-Appellees.

No. 4851.

Court of Appeals of New Mexico.

June 11, 1981.

Deborah S. Davis, Shaffer, Butt, Thornton & Baehr, P.C., Albuquerque, for N.M. State Highway Com'n and State of N.M.

Thomas C. Esquibel, Los Lunas, for Bd. of Com'rs of Valencia County.

Melvin L. Robins, Albuquerque, for plaintiffs-appellants.

## OPINION

WALTERS, Judge.

David Chavez was killed, and Ruben Chavez and Robert Schlueter were seriously injured in a motor vehicle accident occurring on June 11, 1977 on New Mexico State Road 124 in Valencia County. Robert Schlueter, alleged to have been incompetent from the time of the accident, died in July 1980. All three plaintiffs (David and Robert through their personal representatives) sued these appellees and numerous other defendants on June 6, 1979. Appellees moved for dismissal for failure to state a claim for relief, the State relying on grounds that notice under the Tort Claims Act had not been given within the statutory period. Valencia County was dismissed on the trial court's finding that no duty on its part to maintain a state highway had been shown.

The only issues argued by all of the parties in this appeal are the constitutionality of the notice provision of the Act (§ 41–4–16, N.M.S.A.1978), and its applicability to the claims on behalf of decedents Robert and David. These arguments must be directed against the State since the basis for Valencia County's dismissal is not attacked or briefed. We affirm in part and reverse in part.

Under the notice requirements of § 41–4–16, one claiming damages from the state or any local public body, in the absence of actual knowledge by the governmental entity, must give written notice of the time, place, and circumstances of the injury "within ninety days after an occurrence giving rise" to the claim. The section further provides that "[t]he time for giving notice does not include the time, not exceeding ninety days, during which the injured person is incapacitated from giving notice by reason of injury." Notice of claims against the State must be made to the risk management division; against the county, to the county clerk; and against local bodies, to the administrative head of the local public body.

We perceive a preliminary question in this appeal: Was there actual notice to the State by reason of the official accident report filed by the investigating New Mexico State Police officer on June 11, 1977?

Attached to plaintiffs' answers to interrogatories was a police report dated June 11, 1977, filed by Officer Daniel Gonzales of the State Police force. The third sheet of the report, entitled "Fatal Accident Supplemental Information," shows at the bottom: "Distribution: White copy—Highway Department; Canary copy—Department of Motor Vehicles; Pink copy—Law Enforcement Agency." On the face of these court-filed documents, then, it appears that the State Highway Department was furnished with notice of the "occurrence giving rise to the claim" at the time of the occurrence or shortly thereafter. The Highway Department filed an affidavit stating that the Department had no record of receiving a copy of the police report in this case. Whether the Highway Department did or

did not receive a copy of the police report makes no difference.

The notice statute, § 41–4–16 B, denies maintenance of suit if written notice has not been given as provided in Subsection A "unless the governmental entity had actual notice of the occurrence." "Governmental entity" is defined in § 41–4–3 B as "the state or any local body as defined in Subsection C and G of this section." Subsection G declares that " 'state' or 'state agency' means the state of New Mexico or any of its branches, agencies, departments, boards, instrumentalities or institutions." The State Police Department and the State Highway Department fit the statutory description of "state" or "state agency." We hold that the clear language of the Act itself creates a condition of actual notice upon the governmental entities, defendants New Mexico State Highway Commission and the State of New Mexico, because at least one of the State's "branches, agencies, departments, boards, instrumentalities or institutions" had actual notice. This interpretation of "actual notice" accords with decisions construing a similar notice provision in workmen's compensation statutes, and those decisions provide guidance to us in interpreting like questions of first impression under the Tort Claims Act. *See Emery v. University of New Mexico Medical Center,* 96 N.M. 144, 628 P.2d 1140 (Ct. App.1981); *Martinez v. Clovis,* 95 N.M. 654, 625 P.2d 583 (1980). *See also Beckwith v. Cactus Drilling Corp.,* 84 N.M. 565, 505 P.2d 1241 (Ct.App.1972); *Collins v. Big Four Paving, Inc.,* 77 N.M. 380, 423 P.2d 418 (1967); *Lozano v. Archer,* 71 N.M. 175, 376 P.2d 963 (1962).

The trial court found that plaintiffs had not "by a preponderance of the evidence shown to this Court that notice was given to the State Highway Commission and the State of New Mexico." This finding was erroneous in two respects: Procedurally, it was defendants' burden to sustain their defense that the notice requirements had not been met. *See Emery, supra.* Substantively, it is uncontradicted that the State Police, a state agency, had actual notice of the occurrence. The State and the State High-

way Commission should not have been dismissed from the suit.

Holding as we do that plaintiffs are excused from giving written notice by reason of the State's actual notice of the occurrence which resulted in the lawsuit, it is not necessary to reach the constitutional questions raised.

The dismissal order is affirmed insofar as it pertains to defendant Valencia County. It is reversed with respect to the State of New Mexico and the State Highway Department. Plaintiffs shall recover their appellate costs.

It is so ordered.

WOOD and LOPEZ, JJ., concur.