652 P.2d 230 (1982)
98 N.M. 680
NEW MEXICO STATE HIGHWAY COMMISSION and State of New Mexico, Petitioners,
v.
Betty FERGUSON, Guardian and Conservator of the Estate of Robert Lynne Schleuter, an Incapacitated and Protected Person, Santiage G. Chavez, Sr., Personal Representative of the Estate of David Chavez, Deceased, and Ruben Chavez, Respondents.
No. 13743.
Supreme Court of New Mexico.
September 27, 1982.
Shaffer, Butt, Thornton & Baehr, Deborah S. Davis, Albuquerque, for petitioners.
Melvin L. Robins, Albuquerque, for respondents.
Thomas C. Esquibel, Dist. Atty., Los Lunas, for Valencia County Bd. of Com'rs.
John W. Cassell, Sp. Asst. Atty. Gen., Santa Fe, amicus curiae.

OPINION
EASLEY, Chief Justice.
Respondents sued for personal injuries and wrongful death, alleging that petitioners' *231 negligent design, construction, and maintenance of a state highway caused the vehicle in which respondents were riding to go off the road. Petitioners State of New Mexico (State) and New Mexico State Highway Commission (Commission) moved to dismiss for failure to state a claim on grounds that notice under the Tort Claims Act had not been given within the statutory period. The trial court granted the motion.
The trial court dismissed defendant Valencia County based on the finding that the County had no duty to maintain the state highway. Respondents appealed to the Court of Appeals, claiming that the notice provision of the Act, Section 41-4-16, N.M.S.A. 1978 (Repl.Pamp. 1982), was unconstitutional. The Court of Appeals affirmed the order dismissing Valencia County and reversed the order dismissing the State and the Commission.
The Court of Appeals held, inter alia, that notice of the occurrence to the New Mexico State Police, as evidenced by a State Police report attached to respondents' answer to interrogatories, created "a condition of actual notice upon the governmental entities, defendants New Mexico State Highway Commission and the State of New Mexico." The State and the Commission petitioned for certiorari, and we granted.
We consider the question of whether an accident report prepared by the New Mexico State Police constitutes actual notice within the meaning of Section 41-4-16(B) to the State and to all state agencies. We hold that it does not.
We quote the reasoning relied on by the Court of Appeals in reaching its erroneous decision:
The notice statute, Section 41-4-16B, denies maintenance of suit if written notice has not been given as provided in Subsection A "unless the governmental entity had actual notice of the occurrence." "Governmental entity" is defined in Section 41-4-3B as "the state or any local [sic] body as defined in Subsection C and G of this section." Subsection G declares that "`state' or `state agency' means the state of New Mexico or any of its branches, agencies, departments, boards, instrumentalities, or institutions." The State Police Department and the State Highway Department fit the statutory description of "state" or "state agency." We hold that the clear language of the Act itself creates a condition of actual notice upon the governmental entities, defendants New Mexico State Highway Commission and the State of New Mexico, because at least one of the State's "branches, agencies, departments, boards, instrumentalities or institutions" had actual notice.
Ferguson v. New Mexico State Highway Commission, (1981), 98 N.M. 718, 652 P.2d 740 (Ct.App. 1981) (emphasis in original).
By the logic of this decision, notice to any of the state's "branches, agencies, departments, boards, instrumentalities or institutions" creates a condition of actual notice on the state or any state agency. This interpretation of the notice statute defies reason and common sense. The notice statute says "unless the governmental entity had actual notice of the occurrence." Section 41-4-16(B), N.M.S.A. 1978 (Repl.Pamp. 1982) (emphasis added). What governmental entity did the Legislature have in mind? The statute does not say "any" governmental entity, or "any" employee in state government. We are of the opinion that the statute means the particular agency that caused the alleged harm must have actual notice before written notice is not required.
The purpose of the notice provisions of the Tort Claims Act is to ensure that the agency allegedly at fault is notified that it may be subject to a lawsuit. See Martinez v. City of Clovis, 95 N.M. 654, 625 P.2d 583 (Ct.App. 1980). We will construe a statute to give it its intended effect. Section 12-2-2, N.M.S.A. 1978; Wells v. County of Valencia, 98 N.M. 3, 644 P.2d 517 (1982).
We reverse and remand to the Court of Appeals for consideration of the issues raised on appeal, and for any other proceedings consistent with this opinion.
IT IS SO ORDERED.
*232 PAYNE, FEDERICI and RIORDAN, JJ., concur.
SOSA, Senior Justice, respectfully dissents and adopts the Court of Appeals opinion as his own.